IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER TEJADA,

        Plaintiff,               No. CIV S-04-2271 PAN

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.          <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). This case is before the undersigned pursuant to 28 U.S.C. § 636(c)(consent to proceed before a magistrate judge).  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated July 25, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of depression and fibromyalgia, but that these impairments do not meet or medically equal a listed impairment; there are medical disorders to account for plaintiff's complaints, but the alleged intensity, persistence, and functionally limiting effects are not credible; plaintiff retains the residual functional capacity to perform light work with standing/walking for less than two hours in an eight hour day, with mildly diminished concentration, persistence, or pace of 15% that does

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1  not seriously erode plaintiff's occupational base; plaintiff cannot perform his past relevant work;

2  jobs exist in the national economy in significant numbers that plaintiff can perform; the disability

3  rating of the Veteran's Administration (VA) should be given minimal weight; and plaintiff is not

4  disabled.  Administrative Transcript ("AT") 33-34.  Plaintiff contends that the ALJ erred in his

5  finding that plaintiff retained the residual functional capacity to perform light work; improperly

6  discredited plaintiff's testimony; relied upon a hypothetical question to a vocational expert (VE)

7  that did not encompass all of plaintiff's limitations; and failed to give the proper weight to the

8  VA determination that plaintiff was disabled.

9  II.  Standard of Review

10          The court reviews the Commissioner's decision to determine whether (1) it is

11  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

12  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

13  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

14  Substantial evidence means more than a mere scintilla of evidence, but less than a

15  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

16  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

17  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

18  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

19  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

20  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

21  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

22  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

23  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

24  substantial evidence supports the administrative findings, or if there is conflicting evidence

25  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

26  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

3

1   improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d

2   1335, 1338 (9th Cir. 1988).

3   III.  <u>Analysis</u>

4       a.  <u>ALJ Properly Determined that Plaintiff Retained the Residual Functional Capacity to</u>

5   <u>Perform Light Work.</u>

6           The ALJ found that plaintiff retained the residual functional capacity to perform

7   light work with standing and walking for less than two hours in an eight hour day.  AT 33.  This

8   capacity was diminished 15% by plaintiff's difficulties in persistence, concentration, and pace.

9   <u>Id.</u>  The ALJ's finding was supported by the evidence in the record, including medical records of

10   plaintiff's treating, examining and non-examining physicians.  In addition, the ALJ properly

11   considered testimony from the plaintiff regarding his symptoms and daily activities in reaching

12   his conclusion.

13           In making his determination, the ALJ weighed the medical evidence in the record.

14   The weight given to medical opinions depends in part on whether they are proffered by treating,

15   examining, or non-examining professionals.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).

16   Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

17   opportunity to know and observe the patient as an individual. <u>Id.</u>;  <u>Smolen v. Chater</u>, 80 F.3d

18   1273, 1285 (9th Cir. 1996).

19           To evaluate whether an ALJ properly rejected a medical opinion, in addition to

20   considering its source, the court considers whether (1) contradictory opinions are in the record;

21   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

22   treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u> , 81

23   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

24   rejected for "specific and legitimate" reasons.  <u>Lester</u>, 81 F.3d at 830.  While a treating

25   professional's opinion generally is accorded superior weight, if it is contradicted by a supported

26   examining professional's opinion (supported by different independent clinical findings), the ALJ

1   may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing

2   Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give

3   weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172

4   F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion

5   rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional,

6   without other evidence, is insufficient to reject the opinion of a treating or examining

7   professional.  Lester, 81 F.3d at 831.

8            The ALJ gave minimal weight to the opinion of plaintiff's treating physician, Dr.

9   Kaplan.  Dr. Kaplan opined that plaintiff is limited to sitting, standing, and walking no more than

10  one hour in an eight hour day.  In reaching this conclusion, the ALJ stated that Dr. Kaplan's

11  opinion that plaintiff is severely limited in his ability to function due to fibromyalgia is

12  inconsistent with the minimal clinical findings.  AT 27.  Furthermore, the ALJ found that Dr.

13  Kaplan's opinion was undermined by his concern that plaintiff's symptoms were "psychogenic."

14  AT 27; see also AT 379.

15           In addition to giving minimal weight to the opinion of Dr. Kaplan, the ALJ also

16  gave minimal weight to the opinion of a second treating physician, Dr. Chang.  Dr. Chang opined

17  that plaintiff was unable to be gainfully employed and was therefore eligible for SSI.  The ALJ

18  determined that Dr. Chang's opinion is conclusory and not supported by clinical findings.  AT

19  29.  In addition, several specialists to whom Dr. Chang referred plaintiff failed to confirm Dr.

20  Chang's findings, thereby undermining the strength of his opinion.  AT 29.  Finally, the ALJ

21  noted that the conservative medical treatment plaintiff has received for his disorder contradicts

22  any opinion that plaintiff is disabled.  AT 30.

23           These specific and legitimate reasons clearly support the ALJ's decision to

24  discount the opinion of plaintiff's treating physicians.  The existence of contradictory medical

25  opinions casts doubt on the severity of plaintiff's complaints.  Dr. Borigini determined that

26  plaintiff had full range of motion and could stand and walk six hours during an eight hour day.

1    AT 383.  Dr. Higashida failed to find a rheumatological basis why plaintiff could not work.  AT

2    445.  Dr. Silver, a podiatrist failed to find any basis to support plaintiff's complaints of foot pain.

3    AT 447.  Medical records from the VA showed plaintiff to be clinically stable.  Based on the

4    contrary medical evidence in the record, the decision of the ALJ to weigh the evidence against

5    the treating physicians was not in error.

6           Based upon the complete medical profile, the ALJ determined that plaintiff has a

7    residual functional capacity to perform light work with a standing and walking limitation of two

8    hours in an eight hour day.  AT 33.  Light work is defined as work that "involves lifting no more

9    than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."

10   20 C.F.R. 404.1567(b).  Light work also includes "a good deal of walking or standing, or when it

11   involves sitting most of the time with some pushing and pulling of arm and leg controls."  Id.

12   The regulation goes on to note that "[t]o be capable of performing the full range of light work,

13   [plaintiff] must have the ability to do substantially all of these activities."  Id.

14          The ALJ's finding that plaintiff was limited to two hours standing and walking

15   acknowledges that plaintiff is unable to perform the full range of light work activities.  See SSR

16   83-10.  However, this exertional limitation does not preclude application of this category of work

17   to plaintiff.  See Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1198 (9th Cir.

18   2004)(holding that ALJ properly found plaintiff capable of light work when they could stand for

19   only one hour and sit for only one hour).  Based on substantial evidence in the record, the ALJ

20   properly determined plaintiff's limitations and applied those limitations to his findings.

21          Plaintiff incorrectly asserts that because light work contemplates a significant

22   amount of standing and walking, the ALJ's findings are inconsistent with his categorization of

23   plaintiff's abilities.  However, as explained more fully below, the ALJ properly included

24   plaintiff's limitations in his hypotheticals to the VE, limiting the types of light work that might

25   be available to plaintiff, but not precluding its application.  Those limitations were supported by

26   substantial evidence in the record.  The conclusion that a significant number of jobs existed in

1    the national economy was reached only after consideration of plaintiff's limitations.

2           The ALJ properly determined plaintiff's residual functional capacity.  This

3    determination was based on the medical evidence in the record, as weighed and evaluated by the

4    ALJ.  The ALJ's decision to discount the opinions of the treating physicians and find that

5    plaintiff was capable of light work with some limitation was not in error.

6           b.  The ALJ Properly Assessed Plaintiff's Credibility.

7           The ALJ determines whether a disability applicant is credible, and the court defers

8    to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

9    Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make

10   an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad

11   v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

12   supported by "a specific, cogent reason for the disbelief").

13          In evaluating whether subjective complaints are credible, the ALJ should first

14   consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

15   F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

16   the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

17   medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

18   (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

19   testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

20   prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

21   1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

22   55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

23   and effect of symptoms, and inconsistencies between testimony and conduct also may be

24   relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

25   to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

26   the ALJ in determining whether the alleged associated pain is not a significant nonexertional

1   impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).    The ALJ

2   may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453,

3   1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900

4   F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is

5   malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear

6   and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

7   1999).

8           The ALJ determined plaintiff's complaints were not credible.  AT 31.  The ALJ

9   found that the clinical medical evidence, the nature of plaintiff's treatment, and plaintiff's own

10  testimony about his daily activities were not consistent with total disability.  AT 30-31.  There

11  was no error in the ALJ's assessment of plaintiff's credibility.

12          Plaintiff presented symptoms of aching, pain, dizziness, difficulty concentrating,

13  sleep disturbance, fatigue, and depression.  AT 30.  In essence, plaintiff complained of feeling

14  like he had the flu all day, every day.  AT 52-53.  These symptoms were consistent with those

15  plaintiff has presented to his doctors since his initial complaints in 1996.  However, as

16  determined by the ALJ, the severity of these complaints was not supported by the medical

17  evidence.

18          The ALJ documented multiple medical opinions which cast doubt on plaintiff's

19  credibility.  Dr. Kaplan diagnosed fibromyalgia, but sought a psychiatric evaluation in order to

20  rule out psychogenic reasons for plaintiff's illness.  AT 26, 379.  Dr. Borigini opined that

21  plaintiff could sit, stand, and walk for six hours in an eight hour day.  AT 26, 383.  Officials with

22  the VA found fibromyalgia that was clinically stable.  AT 26.  Dr. Silver expressed concern

23  because of the unusual nature of some of plaintiff's complaints about pain in the balls of his feet.

24  AT 26, 447.  Dr. Higashida found no rheumatological basis for plaintiff's complaints.  AT 26-27,

25  445.  Dr. Chang had no medical evidence in the form of abnormal clinical or laboratory findings

26  supporting plaintiff's complaints.  AT 29.

1    Other substantial evidence supports the ALJ's findings.  The record shows that

2 plaintiff's colonoscopy was normal.  AT 495.  A cardiologist found no abnormalities following

3 plaintiff's stress test.  AT 504.  This substantial evidence is also supported by plaintiff's own

4 admission that in spite of constant testing, nothing has been found that would explain his

5 symptoms.  AT 109.

6    Reliance solely on medical evidence to discredit the severity of plaintiff's

7 complaints is improper.  See Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).  However,

8 in this case, the ALJ also noted the lack of any aggressive treatment protocol that would support

9 plaintiff's statements about the severity of his condition.  AT 30; see also Johnson v. Shalala, 60

10 F.3d 1428, 1434 (9th Cir. 1995)(noting that conservative treatment suggested a lower level of

11 pain than asserted).  The ALJ also noted the unusual and atypical symptoms associated with

12 plaintiff's pain as a further reason to doubt plaintiff.  AT 30, 445.

13    Malingering may form an additional basis upon which to discredit plaintiff's

14 subjective complaints.  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).  While the

15 ALJ cited no evidence of malingering, he did express concern that plaintiff's symptoms might be

16 psychogenic.  AT 30.  This conclusion was based on the statements of Dr. Kaplan, as well as

17 other VA records contained in the medical file.  AT 333, 379.

18    In addition, the ALJ stated that none of plaintiff's daily activities are inconsistent

19 with his subjective complaints of pain.  AT 30; see Reddick v. Chater, 157 F.3d 715, 722 (9th

20 Cir. 1998).  Indeed, the ALJ found that plaintiff's testimony of his minimal daily activities

21 supports his claim that he is unable to work.  AT 30; see Fair v. Bowen, 885 F.2d 597, 603 (9th

22 Cir. 1989)(holding that one need not be "utterly incapacitated" in order to be disabled).

23 Nonetheless, the ALJ's evaluation of the medical evidence combined with the course of

24 treatment and possible evidence of malingering provided specific reasons for discrediting the

25 severity of plaintiff's subjective complaints.  While not extensive, these reasons were permissible

26 /////

1   grounds upon which the ALJ was allowed to rely.  The court cannot second guess the ALJ's

2   reasonable interpretation of the evidence.  Fair v. Bowen, 885 F.2d at 604.

3          c.  The Hypothetical Posed to the VE by the ALJ was Proper and Supported by

4   Substantial Evidence in the Record.

5               Hypothetical questions posed to a VE must set out all the substantial, supported

6   limitations and restrictions of the particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756

7   (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's

8   testimony as to jobs in the national economy the claimant can perform has no evidentiary value.

9   DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a

10  range of hypothetical questions, based on alternate interpretations of the evidence, the

11  hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by

12  substantial evidence in the record as a whole.  Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir.

13  1988).

14              As noted above, the ALJ properly weighed the testimony and determined

15  plaintiff's residual functional capacity.  This determination was based upon substantial evidence

16  in the record, including the medical opinions of several physicians and the testimony of the

17  plaintiff.  While plaintiff offered numerous limitations, the ALJ found only a limitation to light

18  work with no more than two hours standing or walking and a 15% diminished capacity for

19  persistence, concentration, or pace.  AT 33.  These limitations were included in the hypotheticals

20  offered to the VE.  AT 126-32.

21              The ALJ's conclusion that the plaintiff suffered a 15% reduction in concentration,

22  persistence, or pace was supported by substantial evidence and properly formed the basis for the

23  hypothetical upon which the ALJ relied.  While the VE stated that a 33% reduction in

24  concentration, persistence, or pace would preclude plaintiff from any employment, the ALJ was

25  free to reject this hypothetical as it was not supported by substantial evidence in the record.  See

26  Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) (finding it not proper for the ALJ to

1    exclude depression from hypothetical when evidence did not support any limitations resulting

2    therefrom).  Rather, substantial evidence in the record supported the ALJ's conclusion that

3    plaintiff's limitations were not significant enough to prevent employment.

4             The ALJ did not find sufficient difficulties in concentration, persistence, or pace

5    that would support a conclusion that plaintiff was 33% disabled and that no jobs existed in the

6    national economy.  Psychological evaluations of plaintiff provided evidence that, while plaintiff

7    suffered some depression and anger-management issues, substantial limitations resulting from

8    severe psychological problems were not present.  Dr. Argast found no disabling impairment of

9    mental functioning.  AT 359.  Dr. Soo-Tho noted only agitation and frustration resulting from the

10   Social Security application process and attempted to provide stress management to plaintiff.  AT

11   509, 514, 516.  In addition, the ALJ stated that plaintiff no longer takes anti-depressant

12   medication.  AT 29.  The ALJ's determination of the 15% limitation resulting from the limited

13   scope of plaintiff's depression and associated medications was a proper finding upon which to

14   base his hypothetical.

15            This hypothetical determined that plaintiff could perform several jobs; including,

16   telemarketer and customer service representative, that rely heavily on the use of the telephone.

17   However, plaintiff testified that he was not good on the telephone.  Consequently, it is plaintiff's

18   contention that the jobs identified by the VE are not appropriate as they require significant use of

19   the telephone.

20            However, the ALJ is free to reject restrictions if they are not supported by

21   substantial evidence.  See Magallanes, 881 F.2d at 756-57.  Given the ALJ's assessment of

22   plaintiff's credibility, and the lack of any evidence in the record other than plaintiff's testimony

23   regarding this limitation, it was not error for the ALJ to fail to incorporate this telephonic

24   restriction into his findings.  Substantial evidence did not support including the restriction in the

25   hypothetical offered to the VE.

26   /////

1    The properly credited medical opinions support the conclusion that plaintiff is

2  capable of some exertion.  Furthermore, the 15% limitation on plaintiff's ability to work was

3  supported by substantial evidence in the record.  The limitations ultimately utilized by the ALJ

4  and that formed the basis for his conclusions were supported by substantial evidence in the

5  record.

6    d.  The ALJ Properly Discounted the Veteran's Administration Rating.

7    An ALJ must ordinarily give great weight to a VA determination of disability.

8  McCartney v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  The reason for this evidentiary

9  weighting is because of the similarities in application and purpose between the VA and Social

10  Security Administration (SSA) benefits programs.  Id.  However, because the programs are not

11  identical, an ALJ may give less weight to the VA's determination if he gives "persuasive,

12  specific, and valid reasons for doing so that are supported by the record."  Id.; see Chambliss v.

13  Massanari, 269 F.3d 520, 522 (5th Cir. 2001).

14    In this case, the ALJ properly considered the evidence of total disability granted

15  by the VA, ultimately giving it minimal weight.  AT 32.  This finding was not improper as the

16  ALJ clearly articulated his reasons.  Specifically, the ALJ noted that the medical opinions upon

17  which the VA disability relied were not fully supported by the complete medical evidence.  Id.

18  This medical evidence included contradictory opinions as well as updated records.  Id.

19    The ALJ found that the VA relied upon the opinions of Dr. Kaplan and Dr.

20  Chang, as well as records from the VA Medical Center in Long Beach, California.  Id.  These

21  records included plaintiff's treatment history from October 1996 through August 2000.  Id.  In

22  discounting the normally great weight given to the VA determination, the ALJ discounted the

23  opinion of Dr. Kaplan and Dr. Chang as noted above.  Id.  In addition, he noted the greater

24  longitudinal picture of plaintiff's medical history that was contained in the record before the

25  SSA, as opposed to that shorter period reviewed by the VA.  Id.; see Chambliss, 269 F.3d at 523

26  (citing longer treatment history and conclusory treating physician's opinion as specifics reasons

1   to give VA determination less weight).  This treatment history included medical records through

2   August 2002; including, extensive laboratory tests, AT 441; Dr. Higashida's evaluation, AT 445;

3   Dr. Silver's podiatry evaluation, AT 447; normal radiology exams, AT 473; and Dr. Soo-Tho

4   evaluation.  This additional evidence contained multiple opinions that the ALJ concluded cast

5   doubt upon the severity and extent of plaintiff's disability.

6          As a result of the additional, contradictory evidence, the ALJ did not err by failing

7   to give great weight to the disability determination of the VA.  The ALJ's reason for giving less

8   weight to the VA determination than might otherwise be required was supported by persuasive,

9   specific, and valid reasons, namely, the contradictory medical opinions contained in the more

10  extensive medical records.  The finding of the ALJ cannot be disturbed by this court.

11         The ALJ's decision is fully supported by substantial evidence in the record and

12  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

13         1.  Plaintiff's motion for summary judgment or remand is denied, and

14         2.  The Commissioner's cross-motion for summary judgment is granted.

15  DATED: May 30, 2006.

16

17                                                    _____
                                                      UNITED STATES MAGISTRATE JUDGE

18

19  ggh13
    Tejada.ss.wpd

20

21

22

23

24

25

26

13